IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHON STIDHAM,<br><br>Defendant. | 8:21CR90<br><br>**ORDER** |

On March 3, 2023, defendant Jonathon Stidham ("Stidham") pleaded guilty pursuant to a written plea agreement (Filing No. 205) to conspiring to distribute and to possess with intent to distribute multiple controlled substances, in violation of 21 U.S.C. § 841(a)(1), and conspiring to launder money, in violation of 18 U.S.C. § 1956(h). The drug-trafficking charge was subject to a statutory mandatory minimum of five years. *See* 21 U.S.C. § 841(b)(1)(B). The government agreed to dismiss the remaining charges against Stidham as part of the plea agreement.

After granting in part Stidham's request for a downward variance (Filing No. 262), *see* 18 U.S.C. § 3553(a), the Court sentenced him to concurrent sentences of 156 months imprisonment on each count, to be followed by a total of 4 years of supervised release. The resulting variance was substantial—seventy-nine months below the bottom of his advisory United States Sentencing Guidelines range on each count. Stidham did not appeal.

Stidham is serving his time at the Federal Correctional Institution – Terminal Island in San Pedro, California. He has not yet served the mandatory minimum five years. His projected release date is November 8, 2033.

Before the Court is Stidham's *pro se* "Request for Sentence Reduction Consideration" (Filing No. 323). Stidham does not state a statutory or procedural basis for his request, but, based on the nature of his letter, the Court presumes he seeks a sentence

reduction under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). Stidham describes the difficulties his family faces in his absence and the efforts he has made to rehabilitate himself while in prison. He asks the Court to "consider [his] petition for sentence reduction, not as a measure to escape the consequences of [his] actions, but as a plea for a second chance to repair the damage caused and be an active participant in the betterment of [his] community."

Section 3582(c)(1)(A)(i) authorizes inmates like Stidham to directly move the Court to "reduce [their] term of imprisonment" for "extraordinary and compelling reasons" after exhausting their administrative remedies or thirty days after the warden of the facility where they are incarcerated receives a request to file such a motion on their behalf. *See also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (stating that before a defendant can request a sentence reduction under § 3582(c)(1)(A)(i), he "must at least ask" the federal Bureau of Prisons ("BOP") to make a motion on his behalf and give it thirty days to respond to his request). Stidham does not appear to have met either of those statutory requirements.

While that failure does not deprive the Court of jurisdiction to consider Stidham's request, *see, e.g.*, *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021); *accord United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (clarifying the "requirement is a mandatory claim-processing rule"), the Court finds it does render the review process far less efficient and effective in these circumstances. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (explaining the "requirement that a defendant file a request with the BOP before filing a motion in federal court" aids the orderly progression of litigation); *Raia*, 954 F.3d at 597 (noting the BOP's experience, expertise, and important statutory role in evaluating motions to reduce). With that in mind, defendant Jonathon Stidham's *pro se* request for a sentence reduction (Filing No. 323)—which the Court construes as arising under § 3582(c)(1)(A)(i)—is denied without prejudice to refiling when he can show either of that statute's requirements have been met. *See Houck*, 2 F.4th at 1084 (noting "courts dismiss unexhausted compassionate-release motions without prejudice").

2

IT IS SO ORDERED.

Dated this 17th day of October 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge